IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LINDA ALDRIDGE, | : | Civil Action No. : |
| Plaintiff | : | |
| v. | : | |
| SEPTA, Albert Matejik and Michael Hickey | : | |
| Defendants | : | |

**COMPLAINT AND JURY DEMAND**

**I. INTRODUCTION**

1. Plaintiff in the above captioned matter, claims a sum in excess of One Hundred Thousand Dollars ($100,000.00) in damages and upon her causes of action, avers as follows:

2. This action for monetary damages and other appropriate relief is brought by Plaintiff to redress violations by Defendants Southeastern Pennsylvania Transportation Authority (hereinafter "SEPTA"), Albert Matejik and Michael Hickey, rights secured to Plaintiff by the laws of the United States of America.

3. This action arises under the Civil Rights Act 42 U.S.C. 2000e et seq, (Title VII), which prohibits discrimination on the bases of race, and retaliation by employers and any person because of complaints of race or gender discrimination, and is brought by Plaintiff to redress arbitrary, malicious, reckless, improper, unlawful, willful, and deliberate race and gender discrimination and retaliation by Defendants.

4. This action also arises under the Civil Rights Act 42 U.S.C. Section 1983 for the violation of Plaintiff's Constitutional rights by Defendants, acting under color of state law.

## II. JURISDICTION AND VENUE

5. The jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. §1331, which provides for the original jurisdiction of Plaintiff's claims arising under the laws of the United States of America.   Plaintiff has also exhausted her administrative remedies before bringing her Title VII claims to Court.   Plaintiff filed her administrative complaint of race discrimination and retaliation against Defendants with the United States Equal Employment Opportunity Commission.  On June 13, 2013, the EEOC issued Plaintiff her right to sue letter.  See Exhibit A attached hereto.   The venue of this Court is proper pursuant to the dictates of Title 28 U.S.C. §1391 (c).

## III.    PARTIES

6. Plaintiff, Linda Aldridge, is a female citizen of the United States who resides in Wilmington, Delaware.
7. Defendant, SEPTA, is a municipal agency, operating under color of state law, with its offices located at 1234 Market Street, Philadelphia, PA 19107.
8. Defendants Albert Matejik (Caucasian) and Michael Hickey, (Caucasian) are individuals, and supervisory employees of Defendant SEPTA.  Defendants Matejik and Hickey are sued in their individual capacities only.

## IV. STATEMENT OF FACTS

9. Plaintiff began her employment with SEPTA on or about November 7, 1988 as SEPTA's Revenue Clerk in SEPTA's Revenue Department.

10. In or about 1998 Plaintiff received the position of Senior Carhouse Payroll Clerk in SEPTA's Regional Rail Mechanical Department.

11. In or about January 2008 Plaintiff started reporting to SEPTA's Director of Mechanical Maintenance Steven Hilbert (Caucasian).

12. Mr. Hilbert, however, started subjecting Plaintiff to sexual harassment; he would come up to Plaintiff's desk with his middle body to Plaintiff's face and would gyrate his waist in a sexual manner. Plaintiff complained to Hilbert that she found his conduct to be inappropriate sexual behavior in the office and asked him to stop doing that in front of her. But Mr. Hilbert did not stop.

13. After Plaintiff complained to Mr. Hilbert numerous times about his inappropriate conducts, Hilbert falsely accused Plaintiff of a clerical error in her time sheet that Plaintiff did not have. Plaintiff immediately went over her own records, and found that she did not take any additional time as falsely alleged by Hilbert. Also, Plaintiff never took any leave without Mr. Hilbert's approval. Plaintiff called SEPTA's EEO Department and made an appointment to complain about Hilbert's retaliatory action.

14. On or about October 7, 2009, Plaintiff complained to SEPTA's EEOC Specialist, Tom Comber that her boss Steven Hilbert was sexually harassing her and when she told him to stop, he came up with the false allegation that she used a personal day she did not have.

15. Plaintiff showed Tom Comber paper work attesting to the fact that Plaintiff did not take any personal day she did not have.  Tom Comber didn't give Plaintiff any complaint form, but he took notes, and never gave her a copy of any notes or memos that he completed. Tom Comber said SEPTA would investigate her complaint and get back to her.  But SEPTA never got back to Plaintiff about her complaint to SEPTA's EEO.

16. On or about Thursday October 8, 2009, Plaintiff's Union Representative Dan Klein told her that they have a meeting with Hilbert the next day, Friday, October 9, 2009.

17. On Friday, October 9, 2009, there was a conference meeting including Plaintiff, Mr. Hilbert, Dave Burns, (Maintenance Manager) Dan Klein, and one other Union Representative.

18. Mr. Hilbert opened the meeting by saying that Plaintiff was terminated based on his false allegation of falsification/misuse of Authority funds against Plaintiff.  Hilbert also, came up with a point sheet, Plaintiff had never seen before, that Plaintiff never signed and Hilbert went back a year to look for point that Plaintiff had never been notified of or accused of before to justify the termination.

19. Mr. Hilbert told Plaintiff that if she would not go through with her SEPTA EEO complaint, Hilbert would treat the matter as a clerical error, and Plaintiff would not be terminated.  Plaintiff called SEPTA's EEO department to report the retaliatory termination. At the meeting Plaintiff also questioned how Hilbert would be terminating her, when SEPTA's EEO was supposed to be investigating her complain of sexual harassment against him.

20. In or about December 2009, Plaintiff filed a complaint with the PHRC/EEOC about sexual harassment and retaliation against SEPTA based on Hilbert's actions.

21. In or about November 2011, Plaintiff dropped her PHRC/EEOC complaint and entered into an agreement with SEPTA to return to work.

22. Plaintiff returned to work in or about November 2011 under new supervisor, Albert Matejik (Caucasian), SEPTA's Director of Mechanical Department and few months later,

Michael Hickey, (Caucasian) joined the Department as the Assistant Director, reporting to Matejik.

23. Immediately Plaintiff returned to work, she started experiencing hostile work environment from her new supervisors.

24. Her supervisor Matejik told her to pay an employee additional time of four hours on his payroll, but Plaintiff's records did not show that the employee worked the additional time.  But, Plaintiff's supervisor instructed Plaintiff to give the employee, Walker, the additional time on his pay anyway.

25. Plaintiff's supervisors, Matejik and Hickey constantly yelled, cursed and used inappropriate language with Plaintiff.  They would say, "fuck", "Damn", "shit" when addressing Plaintiff.  Plaintiff constantly objected to her supervisors using these curse words with her and bullying her and told them to stop because she found the cursing and yelling to be very offensive and upsetting, but they did not stop.  These supervisors do not use curse words or yell when addressing Plaintiff's Caucasian female co-worker, Sally Bogart, who also report to these supervisors.

26. Using curse words like, "fuck", "damn" or "shit" while addressing an employee at SEPTA is a violation of SEPTA's sexual harassment policy.

27. Plaintiff complained to SEPTA's EEO specialists about her supervisors subjecting her to sexual harassment, race discrimination and a hostile work environment, but SEPTA failed to take remedial actions to stop the harassment.

28. In or about January 28, 2013, Defendants started taking retaliatory actions against Plaintiff for complaining about sexual harassment and race discrimination.

29. Defendant Matejik targeted Plaintiff in comments and jokes, slurs, gestures and bullying daily.

30. Also, Defendant Hickey has taken 25% percent of Plaintiff's work and has interfered with Plaintiff in performing her daily task.

31. Plaintiff's supervisors, Matejik and Hickey would engage in constant outburst and hostility towards Plaintiff, which has resulted in significant emotional injuries and has detrimentally affected her work performance.

32. Plaintiff is the only African American female in the office.

33. Plaintiff was detrimentally affected because the discriminatory and retaliatory harassment caused her stress, emotional distress, migraine headaches, insomnia, anxiety and fear, which adversely affected her work causing Plaintiff to take time off from work because of these injuries and loss of her earned sick time.

34. Plaintiff asserts that Defendants subjected her to retaliatory action because she engaged in protected activities under federal and state statutes.

35. Plaintiff asserts that Defendants subjected her to adverse employment action and a hostile work environment in violation of the Fourteenth Amendment because she opposed Defendant's unequal protection practices because of her gender and her race.

## V.     STATEMENT OF CLAIM
### COUNT ONE – Title VII VIOLATIONS – GENDER/RACE Discrimination
### Plaintiff v. SEPTA

36. Plaintiff incorporates by reference all allegations alleged in paragraphs 1 through 35 as if the same were fully set forth at length herein.

37. The acts and conduct of SEPTA, through its managers, and other management officials as stated above where Plaintiff was subjected to sexual harassment and hostile work

environment because of her race and gender, were violations of the Civil Rights Act, 42 U.S.C. §2000e-1, et seq.

38. As a direct result of the said discriminatory practices by SEPTA, Plaintiff has sustained loss of wages and earnings, loss of benefits, loss of future earning power, loss of back pay, interest due therein as well as mental anguish, emotional distress, humiliation, and damages to reputation.

### COUNT TWO– TITLE VIOLATIONS – RETALIATION
### Plaintiff v. SEPTA

39. Plaintiff incorporates by reference all allegations alleged in paragraphs 1 through 38 as if the same were fully set forth at length herein.

40. The acts and conduct of SEPTA as stated above where Plaintiff was subjected to retaliatory actions after complaining and opposing gender and race discrimination by her supervisors was a violation of the Civil Rights Act, 42 U.S.C. §2000e-5.

41. As a direct result of the said retaliatory practices by SEPTA, Plaintiff has sustained loss of wages and earnings, loss of benefits, loss of future earning power, loss of back pay, interest due therein as well as mental anguish, emotional distress, humiliation, and damages to reputation.

### COUNT THREE – SECTION 1983 VIOLATION
### Plaintiff v. All Defendants

42. Plaintiff incorporates by reference all allegations alleged in paragraphs 1 through 41 as if the same were fully set forth at length herein.

43. The acts and conduct of the Defendants as stated above, acting under the color of state law, where Plaintiff was subjected to a hostile work environment and race discrimination and retaliation by Defendants were violations of the Equal Protection Clause of the

Fourteenth Amendment of the United States Constitution and the Civil Rights Act, 42 U.S.C. Section 1981.

44. Plaintiff also exercised her Constitutional rights under the United States Constitution by opposing and protesting Defendants' unlawful conducts, complaining about been subjected to hostile work environment because of her race and race discriminatory actions by her supervisors.

45. After complaining to Defendants of been subjected to gender and race discriminatory conducts, Plaintiff was subjected to retaliatory actions by Defendants for engaging in protected activities under the Constitution and the Civil Rights Act.

46. Defendants also violated Plaintiff's Constitutional rights under the Fourteenth Amendment by denying her equal protection.

47. SEPTA has a practice and custom of subjecting employees to retaliation for complaining of violation of their federal law and constitutional rights.

48. As a result of the actions and omissions of the Defendants aforesaid, subjecting Plaintiff to sexual harassment and hostile work environment because of her gender and race and subjecting Plaintiff to retaliatory action, Plaintiff has lost money and suffered emotional pain and suffering.

49. SEPTA violated Plaintiff's Fourteenth Amendment rights by directing, participating in, and /or condoning the unlawful retaliatory actions against Plaintiff.

50. The acts and conducts of the Defendants as stated above where Plaintiff was subjected to retaliatory harassment after complaining and or opposing gender and race discrimination by Defendants are violations of the Civil Rights Act 42 U.S. C. Section 1983.

51. As a direct result of said violation of the Civil Rights Act by Defendants, Plaintiff has sustained loss of wages and earnings, loss of benefits, loss of future earning power, loss of back pay, interest due therein as well as mental anguish, emotional distress, humiliation, and damages to reputation.

### VI.     PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully demands judgment against Defendants, and request that this Honorable Court:

A.     Enter judgment against the Defendants for back pay, loss income, loss benefits, pre and post judgment interests, costs of suit, punitive damages against the individual Defendants in their individual capacities, compensatory damages, attorneys' fees and expert witness fees as permitted by law; and

B.     Award such other relief as the Court may deem necessary and just, including but not limited to an order to make whole.

### JURY TRIAL DEMAND

Plaintiff demands a jury trial on all questions of fact raised by this complaint.

/s/ Olugbenga O. Abiona
_____
Olugbenga O. Abiona
1433 South 4th Street
Philadelphia, PA 19147
(215) 625-0330
Attorney ID. #57026
Attorney for Plaintiff

Dated:  September 11, 2013